UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

JACLYN H. STRAUSS,

    Plaintiff,

v.

COMPLETE COLLECTION SERVICE
OF SOUTH FLORIDA, INC.,

    Defendant.
_____/

## COMPLAINT
## JURY DEMAND

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

## PARTIES

3. Plaintiff, JACLYN H. STRAUSS, is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

4. Defendant, COMPLETE COLLECTION SERVICE OF SOUTH FLORIDA INC., is a corporation with its principal place of business at 4833 North Dixie Highway, Oakland Park, Florida 33334.

5. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

6. Defendant regularly collects or attempts to collect debts for other parties.

7. Defendant is a "debt collector" as defined in the FDCPA.

8. Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

9. Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

10. On February 20, 2012, Plaintiff's counsel sent a letter to Defendant disputing the validity of the debt and informing Defendant of counsel's representation of Plaintiff.

11. On or about March 1, 2012, Defendant sent a letter directly to Plaintiff regarding the alleged debt and acknowledging receipt of Plaintiff's counsel's letter of February 20, 2012.

12. At the time Defendant sent its March 1, 2012 letter, Defendant knew Plaintiff was represented by an attorney with respect to the alleged debt.

13. Plaintiff's attorney had not consented to Defendant's direct communication with Plaintiff.

14. Plaintiff's attorney had not failed to respond to any communication of Defendant within a reasonable amount of time.

15. No court had authorized Defendant's direct communication with Plaintiff.

16. At the time Defendant sent its March 1, 2012 letter, Defendant knew the FDCPA and the FCCPA prohibited it from communicating directly with Plaintiff.

17. If Defendant continues to communicate directly with Plaintiff, Plaintiff will be harmed in the future by the inability to avail herself to the representation of her counsel.

18. Defendant's March 1, 2012 letter failed to disclose that it was a debt collector.

## COUNT I
## COMMUNICATION WITH A CONSUMER REPRESENTED BY COUNSEL IN VIOLATION OF 15 U.S.C §1692c(a)(2)

19. Plaintiff incorporates Paragraphs 1 through 18.

20. Defendant communicated directly with Plaintiff when Defendant knew Plaintiff was represented by an attorney in violation of 15 U.S.C. §1692c(a)(2).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT II
## FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR

21. Plaintiff incorporates Paragraphs 1 through 18.

22. Defendant failed to disclose in the letter of March 1, 2012 that it is a debt collector in violation of 15 U.S.C. §1692e(11). See *Foti v. NCO Fin. Sys*., 424 F. Supp. 2d 643, 646 (D.N.Y. 2006) and *Belin v. Litton Loan Servicing*, 2006 U.S. Dist. LEXIS 47953 (M. D. Fla. 2006) and *Leyse v. Corporate Collection Servs*., 2006 U.S. Dist. LEXIS 67719 (D.N.Y. 2006).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT III
## COMMUNICATION WITH A CONSUMER REPRESENTED BY COUNSEL IN VIOLATION OF Fla. Stat. §559.72 (18)

23.  Plaintiff incorporates Paragraphs 1 through 18.

24.  Defendant communicated directly with Plaintiff when Defendant knew Plaintiff was represented by an attorney in violation of Fla. Stat. §559.72 (18).

25.  The FCCPA provides for equitable relief including injunctive relief. *Berg v. Merchs. Ass'n Collection Div*., 586 F. Supp. 2d 1336, 1345, (S.D. Fla. 2008).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

   a.  Damages;

   b.  Attorney's fees, litigation expenses and costs of suit;

   c.  declaring that Defendant's direct communication with Plaintiff violates the FCCPA;

   d.  permanently injoining Defendant from direct communication with any debtor known to be represented by counsel; and

   e.  Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

        DONALD A. YARBROUGH, ESQ.
        Attorney for Plaintiff
        Post Office Box 11842
        Ft. Lauderdale, FL 33339
        Telephone: 954-537-2000
        Facsimile: 954-566-2235
        don@donyarbrough.com


By: s/ Donald A. Yarbrough
    Donald A. Yarbrough, Esq.
    Florida Bar No. 0158658